**E-Filed 10/12/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LOS ALTOS EL GRANADA INVESTORS, a California limited partnership dba CASTLE MOBILE ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAPITOLA, et al.,<br><br>Defendants. | Case Number C 04-5138-JF (PVT)<br><br>ORDER[1] GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>[re: docket nos. 82, 84, 85] |

## I. BACKGROUND

On June 25, 2007, this Court entered judgment in the above entitled case in favor of Defendants. On August 6, 2007, thirteen days after the deadline, Plaintiff filed a motion for extension of time to file a notice of appeal. Defendants oppose the motion. The Court heard oral argument on September 21, 2007. For the reasons set forth below, the motion will be granted.

## II. DISCUSSION

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C04-5138
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL
(JFLC1)

Federal Rule of Appellate Procedure ("FRAP") Rule 4(a)(5)(A)(ii) allows courts to extend the time prescribed for filing of an appeal. *See Pincay v. Andrews*, 389 F.3d 853, 854 (9th Cir. 2004). Such an extension may be granted if the court finds that a party's failure to meet the original filing deadline is permitted for "excusable neglect." *Id.* In deciding whether neglect is "excusable," a court must:

> take[] account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[2] Excusable neglect is meant to be an "elastic concept and is not limited strictly to omissions caused by circumstances beyond control of the movant." *Id.* at 293; *see also Pincay*, 389 F.3d at 856 ("In *Pioneer* itself the Court adopted a broader and more flexible test for excusable neglect."); *Marx v. Loral Corp.*, 87 F.3d 1049, 1053-54 (9th Cir. 1996) (replacing the former "strict standard" for measuring excusable neglect with an equitable standard following *Pioneer*).

In the present case, Plaintiff's counsel offers the following explanation for having missed the filing deadline:

> [C]ounsel 'erred' in forwarding only the Court's order to his assistant, but not the judgment that came in the same day, which led to the 'second line' of calendaring protection not working as intended. The judgment was not received by the calendar clerk because of a turnover in that position–so that the primary calendaring system failed.

Reply to Defendants' Opposition to Plaintiff's Motion for Extension of Time to File Notice of Appeal at 2-3. Defendants challenge Plaintiff's contention that this error constitutes "excusable

---

[2] Although *Pioneer* involved the measure of "excusable neglect" within the context of the Bankruptcy Code, the Court drew parallels to and borrowed from case law applying the Federal Rules. 507 U.S. at 390-92. The Ninth Circuit has explained that "[t]he Court . . . reviewed various contexts in which the phrase appeared in the federal rules of procedure and made it clear the same test applies in all those contexts." *Pincay,* 389 F.3d at 855; *see also Marx v. Loral Corp.*, 87 F.3d 1049, 1053-54 (9th Cir. 1996) (discussing the applicability of *Pincay* to the Federal Rules).

neglect," arguing that counsel has not provided an adequate reason for his delay.[3]

In *Pincay*, the court found excusable neglect where an attorney delegated calendar duties to a paralegal, who ultimately misread the Federal Rules and calendared a deadline incorrectly. The reasoning for this decision was explained and affirmed in *In re Walker*, in which the Court explained:

> *Pincay* arose in the context of counsel neglect. There, counsel failed to timely file a notice of appeal due to a 'calendaring error' by his paralegal, who had misread the applicable rule regarding the deadline within which to file a notice of appeal. Upon learning of the mistake the attorney promptly sought an extension and tendered a notice of appeal. The district court, applying the Pioneer factors, found the error was excusable neglect.

Counsel's error in this case is similar to that involved in *Pincay*. This is not a case involving "inadvertence, ignorance of the rules, or mistakes construing rules," mistakes which *Pioneer* cautions usually do not constitute "excusable neglect." *Pioneer*, 507 U.S. at 392. For these reasons, and further, because the Court concludes that Defendants will suffer no undue prejudice, the Court will grant Plaintiff's motion. Plaintiff shall file its Notice of Appeal within ten (10) days of the date of this Order.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for extension of time to file notice of appeal is GRANTED.

DATED: October 12, 2007.

JEREMY FOGEL
United States District Judge

---

[3] Defendants also argue that Plaintiff's counsel has not demonstrated that he was acting in good faith. However, Defendants offer nothing more than unsupported suggestions that the delay may have been caused by the client's initial decision to abstain from pursing an appeal. Defendant's Opposition to Plaintiff's Motion for Extension at 1, 3 & n.1. Defendant's questions–"when did the client decide to appeal?" and "[w]hat caused counsel to discover the missed deadline?" –are not evidence that counsel for Plaintiff was acting in bad faith.

1   This Order has been served upon the following persons:

2
    Mark D. Alpert         marka@hkclaw.com
3
    C. William Dahlin      billd@hkclaw.com
4
    Robert S. Coldren      rcoldren@hkclaw.com
5
    Henry E. Heater        hheater@elthlaw.com
6
    Linda B. Reich         lreich@elthlaw.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 04-5138
ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL
(JFLC1)