**E-Filed 9/29/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOS ALTOS EL GRANADA INVESTORS, a California limited partnership, doing business as CASTLE MOBILE ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAPITOLA, et al.,<br><br>Defendants. | Case Number C 04-5138 JF (PVT)<br><br>ORDER[1] DENYING DEFENDANTS' SECOND MOTION FOR JUDGMENT ON THE PLEADINGS |

On June 25, 2007, the Court granted Defendants' motion for judgment on the pleadings and entered judgment for Defendants. The Court of Appeals reversed and remanded. Defendants once again move for judgment on the pleadings. The Court has considered the moving and responding papers as well as the oral argument of counsel. For the reasons discussed below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 04-5138 JF (PVT)
ORDER DENYING DEFENDANTS' SECOND MOTION FOR JOP
(JFLC2)

## I. BACKGROUND

The parties and the Court are familiar with the lengthy procedural history of this case, which need not be repeated in full here. As relevant to the instant motion, Plaintiff Los Altos El Granada Investors ("Los Altos") owns and operates a mobilehome park in the City of Capitola ("the City"). Los Altos asserts that the City's mobilehome rent control ordinance has effected an unconstitutional taking of Los Altos's property and has deprived Los Altos of due process and equal protection of the laws. In its operative complaint filed December 3, 2004, Los Altos asserts the following claims: (1) a taking of property without just compensation in violation of the Fifth Amendment; (2) a private taking of property in violation of the Fifth Amendment; (3) denial of equal protection in violation of the Fourteenth Amendment; and (4) denial of due process in violation of the Fourteenth Amendment.[2]

On July 26, 2005, this Court stayed the instant action pending resolution of state court proceedings. Following completion of the state court litigation, this Court lifted the stay and subsequently granted judgment on the pleadings for the City in an order issued June 25, 2007 ("2007 Order"). With respect to Los Altos's federal takings claims, the Court reasoned that:

> . . . the doctrine of issue preclusion bars Plaintiff from relitigating its takings claims under California law. California takings jurisprudence is congruent with federal law. *San Remo I*, 364 F.3d at 1090. Accordingly, the Superior Court's adjudication of California takings claims is equivalent to the adjudication of their federal counterparts, and the doctrine of issue preclusion also bars the relitigation of those claims as federal claims. *Id*.

2007 Order at 8 (footnote omitted). To the extent that Los Altos sought to advance an amended takings theory, the Court concluded that such theory would be barred under the doctrine of claim preclusion. *Id*. at 8 n.5. With respect to Los Altos's federal equal protection and due process claims, the Court concluded that:

> Assuming without deciding that the federal and California laws of equal protection and due process are not equivalent, issue preclusion would not bar the

---

[2] Los Altos initially asserted a fifth claim seeking invalidation of a taking for failure to substantially advance a legitimate state interest. This Court dismissed the fifth claim following the United States Supreme Court's rejection of the "substantially advances" theory in *Lingle v. Chevron USA, Inc.*, 544 U.S. 528 (2005).

instant federal claims. However, the judgment of the Superior Court has preclusive effect under the doctrine of claim preclusion. Claim preclusion applies to any claims arising out of the same facts that were or could have been litigated in the original action. *Hells Canyon Preservation Council*, 403 F.3d at 686 n.2 (2005). The instant action is based upon the same factual predicate as the action in the state court. The federal counterparts to the equal protection and due process claims brought under California law could have been asserted in the state court, and Plaintiff offers no persuasive reason why it could not have done so. Accordingly, claim preclusion bars Plaintiff from bringing such federal claims in the instant action.

*Id*. at 9-10. The Court acknowledged that a valid *England*[3] reservation would render the doctrine of claim preclusion inapplicable, but noted that Los Altos's *England* reservations had been stricken by the state court. *Id*. at 8 n.5.

The Ninth Circuit Court of Appeals held that this Court "erred in determining that the state courts' decisions to strike Los Altos's *England* reservations meant there was no valid reservation." *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 690 (9th Cir. 2009). The Ninth Circuit reversed and remanded to this Court "to determine the effect of a valid *England* reservation on the City's attempt to assert claim and issue preclusion against Los Altos's federal claims." *Id*. This Court does so in the context of the City's renewed motion for judgment on the pleadings.

## II. LEGAL STANDARD

Because a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a

---

[3] In *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 419 (1964), the Supreme Court held that a litigant who properly has invoked the jurisdiction of the federal courts to consider federal constitutional claims cannot be compelled to accept instead a state court's determination of those claims. If the litigant first must proceed in state court in order to exhaust administrative remedies, or for some other reason, the litigant may make a so-called "*England* reservation," which preserves his right to return to federal district court to litigate his federal constitutional claims. *Id*. at 421-22.

cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). At the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

**A.     Claim And Issue Preclusion**

As noted above, the Court of Appeals remanded so that this Court could determine the effect of Los Altos's *England* reservation on the City's assertion of "claim and issue preclusion" in this action. It is important to draw a distinction between claim preclusion and issue preclusion. "Claim preclusion precludes relitigation of claims that were raised or should have been raised in earlier litigation." *San Remo Hotel L.P. v. San Francisco City and County (San Remo I)*, 364 F.3d 1088, 1094 (9th Cir. 2004). "Issue preclusion, on the other hand, forecloses relitigation of factual or legal issues that have been actually and necessarily decided in earlier litigation." *Id*. An *England* reservation is sufficient to avoid the doctrine of claim preclusion. *Id*. In other words, a litigant who asserts an *England* reservation in state court does not subsequently face claim preclusion in federal district court on the ground that he could have litigated his federal claims in state court. However, an *England* reservation does not avoid the doctrine of issue preclusion. "[I]ssues actually decided in valid state-court judgments may well deprive plaintiffs of the 'right' to have their federal claims relitigated in federal court." *San Remo Hotel L.P. v. San Francisco City and County (San Remo II)*, 545 U.S. 323, 342 (2005). "This is


so even when the plaintiff would have preferred not to litigate in state court, but was required to do so by statute or prudential rules." *Id*. "The relevant question in such cases is not whether the plaintiff has been afforded access to a federal forum; rather, the question is *whether the state court actually decided an issue of fact or law that was necessary to its judgment*." *Id*. (emphasis added). The question to be decided on the instant motion, then, is whether the state courts necessarily decided an issue of fact or law that precludes one or more of Los Altos's current claims.

       **1.**    **First Claim For A Taking In Violation Of The Fifth Amendment**

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. "As its text makes plain, the Takings Clause does not prohibit the taking of private property, but instead places a condition on the exercise of that power." *Lingle*, 544 U.S. at 536 (internal quotation marks and citation omitted). "In other words, it is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." *Id*. at 536-37  (internal quotation marks and citation omitted). "While scholars have offered various justifications for this regime, we have emphasized its role in bar[ring] Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Id*. at 537 (internal quotation marks and citation omitted).

The courts will recognize a *per se* taking where the government requires an owner to suffer a permanent physical invasion on her property, or where governmental regulations deprive an owner of all economically beneficial use of her property. *Id*. at 538 (citations omitted). Otherwise, regulatory takings challenges are governed by the standards set forth in *Penn Central Transp. Co. v. New York City,* 438 U.S. 104 (1978). *Id*. *Penn Central* discusses several factors to be considered in evaluating a regulatory takings claim, including the economic impact of the regulation on the claimant (particularly the extent to which the regulation has interfered with the claimant's investment backed expectations), and the character of the government's action. *Id*. at

538-39.  The *Penn Central* inquiry "turns in large part, albeit not exclusively, upon the magnitude of a regulation's economic impact and the degree to which it interferes with legitimate property interests."  *Id*. at 539.

Los Altos does not assert a physical taking or that the ordinance deprives it of "all" economically beneficial use of its property; rather, it asserts a *Penn Central*-type takings claim.  The question is whether the state court decided an issue of fact or law that is dispositive of this claim.  It did not.  Los Altos's state court complaint filed July 3, 2002 asserted claims for:  (1) declaratory relief and compensation for a taking under the California constitution; (2) inverse condemnation; and (3) a petition for writ of administrative mandamus.  The superior court sustained the City's demurrer to the first two claims, ruling *inter alia* that any as-applied challenges to the rent decision were unripe because Los Altos had not yet obtained a decision on its petition for writ of administrative mandamus.  The superior court subsequently denied the mandamus petition, concluding *inter alia* that substantial evidence supported the Board's decision that Los Altos was receiving a "fair and reasonable return" on its property.  At the hearing on the petition, Los Altos requested that it be permitted to reinstate its state law takings claim if the petition were denied, since that claim then would be ripe.  The superior court denied the request, stating that it "would be a cleaner procedure" to have Los Altos simply appeal a judgment in favor of the City.  The state appellate court reversed that ruling and remanded with directions that Los Altos be permitted to amend its complaint.  Los Altos filed an amended complaint alleging claims for:  (1) inverse condemnation; (2) violation of equal protection under the California constitution; and (3) violation of due process under the California constitution.  The superior court sustained the City's demurrer to the amended complaint without leave to amend, concluding that the inverse condemnation claim was barred by the determination that Los Altos was receiving a fair return on its property; the equal protection claim was a time-barred facial challenge to the ordinance; and the procedural due process claim originally was brought as part of the administrative writ petition but subsequently was abandoned.

After careful review of the transcripts of the proceedings before the superior court, as well as its written orders, this Court concludes that at no time did the superior court engage in a

*Penn Central* balancing process. Nor did the superior court make factual or legal determinations that would be dispositive of a *Penn Central* analysis. The City appears to argue that a determination that Los Altos is receiving a fair return on its property is dispositive of the *Penn Central* claim. However, the economic impact of the ordinance is only one factor to be considered in the *Penn Central* analysis; this factor cannot be said to be dispositive, particularly given the deferential "substantial evidence" standard under which the superior court reached its "fair return" determination.[4]

### 2. Second Claim For A Private Taking In Violation Of The Fifth Amendment

The Fifth Amendment Takings Clause precludes private takings: "[T]he Court's cases have repeatedly stated that one person's property may not be taken for the benefit of another private person without a justifying public purpose, even though compensation be paid." *Armendariz v. Penman*, 75 F.3d 1311, 1320 (9th Cir. 1996) (internal quotation marks and citation omitted). Los Altos asserts that the City has applied the rent control ordinance in a manner that confiscates the value of Los Altos's property for the private benefit of the park residents. Los Altos did not assert a private takings claim in the state court. The City does not identify any factual or legal issues actually litigated and decided in the state court action that would be dispositive of the private takings claim.

### 3. Third Claim For Denial Of Equal Protection In Violation Of The Fourteenth Amendment

In its amended state court complaint, Los Altos asserted an as-applied equal protection challenge under the California constitution. The superior court construed it as a time-barred facial challenge. The superior court did not make any factual or legal findings that would preclude the instant as-applied equal protection challenge under the Fourteenth Amendment.

---

[4] This Court acknowledges that it reached a different conclusion in its order addressing the City's first motion for judgment on the pleadings. Upon review of the full record in light of the appellate court's order reversing and remanding and in light of the parties' current arguments, the Court concludes that its prior ruling was in error.

### 4. Fourth Claim For Denial Of Due Process In Violation Of The Fourteenth Amendment

In its amended state court complaint, Los Altos asserted a due process challenge under the California constitution. The superior court ruled that Los Altos had abandoned that claim by failing to pursue it as part of the writ petition and thus it never reached the merits of the claim. The superior court did not make any factual or legal findings that would preclude the instant due process claim under the Fourteenth Amendment.

### B.  Failure To State A Claim

The City argues that to the extent that Los Altos's claims are not barred by the doctrine of issue preclusion, they fail to state a claim upon which relief may be granted. Because the bulk of the City's brief focuses on the doctrine of issue preclusion, the asserted pleading defects are argued rather cursorily at the end of the City's brief. Los Altos responds in a similarly truncated fashion. Given this briefing, the Court's assessment of the adequacy of Los Altos's claims is somewhat hampered. With this caveat, the Court concludes that Los Altos has alleged facts sufficient to state each of the four claims alleged. However, the Court's ruling is without prejudice to a renewal of the City's legal arguments if appropriate at a subsequent stage of the proceedings.

With respect to the *Penn Central* takings claim, the City argues that Los Altos cannot prevail because it is receiving a fair rate of return. However, as discussed above, the economic impact of the ordinance is only one factor to be considered in the *Penn Central* analysis. The City also argues that Los Altos cannot demonstrate that the ordinance has interfered with its investment-backed expectations, because Los Altos purchased the mobilehome park after the ordinance was in place. The City is asking the Court to make factual determinations that are inappropriate in the context of a motion for judgment on the pleadings. With respect to the private takings claim, the City argues that it is a time-barred facial claim. However, as the Court understands the claim, Los Altos is asserting that the way the ordinance was applied to *it* – i.e., the denial of its request for a significant rent increase – has effected a taking for the benefit of the park residents. Similarly, Los Altos asserts an equal protection claim based upon the manner in

8

which the ordinance is applied to *it*.  Finally, Los Altos asserts that it was deprived of a fair hearing because counsel for the City advised the Rent Board and also is acting as counsel in the instant litigation.  The City asserts that this claim is barred by *Stardust Mobile Estates v. City of San Buenaventura*, 147 Cal. App. 4th 1170, 1190 (2007).  The Court cannot determine if *Stardust* in fact presents a bar based upon the five lines that the City devotes to this argument.

### IV. ORDER

(1)  The City's second motion for judgment on the pleadings is DENIED; and

(2)  A Case Management Conference is hereby scheduled for November 12, 2010, at 10:30 a.m.

DATED:  9/29/2010

_____
JEREMY FOGEL
United States District Judge