UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOS ALTOS EL GRANADA INVESTORS,<br><br>              Plaintiff,<br><br>   v.<br><br>CITY OF CAPITOLA, et al.,<br><br>              Defendants. | Case No.: CV 04-05138 JF (PSG)<br><br>**ORDER DENYING MOTION TO QUASH AND FOR SANCTIONS AND GRANTING-IN-PART MOTION FOR A PROTECTIVE ORDER**<br><br>(Re: Docket No. 127 and 132) |

Dr. Kenneth Baar ("Baar") moves to quash the subpoena served upon him by Plaintiff Los Altos El Granada Investors ("Los Altos"), or in the alternative for a protective order. Baar also moves for sanctions. The court has considered the moving and responding papers as well as the oral argument of counsel. For the reasons discussed below, the motion to quash and the motion for sanctions are DENIED. The motion for a protective order is GRANTED-IN-PART.

**I. BACKGROUND**

Los Altos owns and operates a mobilehome park in the City of Capitola ("the City"). Los Altos asserts that the City's mobilehome rent control ordinance has effected an unconstitutional taking of Los Altos's property and has deprived Los Altos of due process and equal protection of the laws. In its operative complaint filed December 3, 2004, Los Altos asserts the following claims: (1) a taking of property without just compensation in violation of the Fifth Amendment; (2) a private taking of property in violation of the Fifth Amendment; (3) denial of equal protection in violation of

the Fourteenth Amendment; and (4) denial of due process in violation of the Fourteenth Amendment.

In support of these claims, Los Altos challenges the fairness of the administrative hearing in which the City evaluated Los Altos' application for a rent increase. Los Altos alleges that the City applied the rent control ordinance unequally, with the intent of eventually driving Los Altos out of business or utilizing Los Altos property for its own purposes. On January 26, 2011, Los Altos served a subpoena commanding Baar, an expert on residential rent regulation, who prepared the expert report and gave testimony at the administrative hearing, to appear for deposition and to produce documents. Baar moves to quash the subpoena, arguing he has no relevant percipient knowledge and Los Altos is seeking his opinion as an unretained expert. Oral argument was heard on shortened time on March 4, 2011.

## II. STANDARDS

Under Fed. R. Civ. P. 45, a court may, but is not required, to quash or modify a subpoena if the subpoena requires the disclosure of "an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."[1] The rule was promulgated to curb the "growing problem" of "the use of subpoenas to compel the giving of evidence and information by unretained experts."[2] "As the Advisory Committee notes on the 1991 amendment to Rule 45 illuminate, Rule 45(c)(3)(B)(ii) was designed to 'provide[ ] appropriate protection for the intellectual property of the non-party witness....'"[3] Thus, the rule "was designed to protect experts from being required to provide expert advice or assistance without proper compensation."[4]

Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(ii), the court may quash a subpoena seeking testimony from an unretained expert, unless the party seeking the testimony makes a showing that satisfies the

---

[1] Fed. R. Civ. P. 45(c)(3)(B)(ii).

[2] Fed. R. Civ. P. 45 advisory committee's note.

[3] *In re Public Offering PLE Antitrust Litig.*, 233 F.R.D. 70, 76 (D. Mass. 2006) (quoting Fed.R.Civ.P. 45(c)(3)(B)(ii) advisory committee's note)).

[4] *Chavez v. Bd. of Educ. of Tularosa Municipal School*, No. CIV 05-380, 2007 WL 1306734 *4 (D.N.M., Feb. 16, 2007).

criteria set out in Fed.R.Civ.P. 45(c)(3)(C). The subpoenaing party must (a) show a substantial need for the testimony that cannot be otherwise met without undue hardship; and (b) ensure that the subpoenaed person will be reasonably compensated.[5] The court's discretion in determining whether to allow such discovery is informed by: (1) the degree to which the expert is being called because of his knowledge of facts relevant to the case rather than in order to give opinion testimony; (2) the difference between testifying to a previously formed or expressed opinion and forming a new one; (3) the possibility that, for other reasons, the witness is a unique expert, (4) the extent to which the calling party is able to show the unlikelihood that any comparable witness will willingly testify; and (5) the degree to which the witness is able to show that he has been oppressed by having to continually to testify.[6]

### III. DISCUSSION

The crux of this dispute is whether Baar is being asked to disclose his knowledge as a percipient witness or his expert opinion.[7] Despite Baar's argument to the contrary, Baar's knowledge about his participation in the City's administrative process regarding Los Altos' application gives him percipient knowledge that appears reasonably calculated to lead to admissible evidence about the integrity of that hearing.[8]

---

[5] *See Schering Corp. v. Amgen, Inc.*, No. Civ. A 98-97, Civ A. 98-98, 1998 WL 552944 *2 (D.Del., Aug.4, 1998).

[6] Fed. R. Civ. P. 45 advisory committee's note (citing *Kaufman v. Edelstein*, 539 F.2d 811, 822 (2d Cir.1976)).

[7] Baar cites to *MHC Financing Limited Partnership Two v. City of Santee*, No. GIC777094 (San Diego Superior Court Oct. 29, 2001) in which the San Diego Superior Court quashed another subpoena issued to Baar and determined that the information sought was expert testimony. This ruling, however, has little in common with the current matter. From the transcript provided to this court (Schwartz Decl. Ex. D), it appears that in *MHC* Baar's testimony was sought because he had issued public reports and articles about a challenged rent ordinance. Unlike the current instance, Baar had had no personal involvment in a challenged proceeding and had not witnessed events that were the substance of the wrongful act alleged in the lawsuit. Rather, the only information he could offer was the result of his research related to a facts in issue in the suit. Additionally, there is no indication that the state court applied a standard similar to Fed.R.Civ.P. 45(c)(3)(B)(ii) or to the factors described in *Kaufman*, 539 F.2d at 822 (2d Cir.1976) and endorsed by the Fed. R. Civ. P. 45 advisory committee's note.

[8] Baar argues that Los Altos is barred from bringing a claim for procedural due process that might warrant compelling Baar to testify because it had an adequate post-deprivation opportunity in state court to remedy a claimed procedural violation. Los Altos' procedural due process claim has already survived Motion for Judgment on the Pleadings, and it is not within the scope of this court's jurisdiction on a referred discovery matter to determine that Los Altos' claim is barred. *See* 9/29/10 Order Denying Def.'s Second Mot. J. Pleadings (Docket No. 119).

Los Altos has demonstrated that Baar has such facts relevant to its claims, and that it is seeking this information rather than his expert opinion.[9] To the extent that Baar's deposition and document production about his participation in the administrative hearing touches on his expert opinion, they need only involve opinions that Baar disclosed prior to or during the administrative hearing. No new expert opinions have been shown to be relevant to the challenge to the administrative hearing. Additionally, Baar is uniquely able to provide discovery about the administrative hearing and the integrity of the City's decision-making process because he was present and participated in those proceedings. Furthermore, there is no evidence that Baar has been oppressed by having continually to testify.[10] Thus, this discovery is not protected by Fed. R. Civ. P. 45(c)(3)(B)(ii).

Although Los Altos has justified that some amount of discovery from Baar, it has failed to justify the full scope of documents requested in the subpoena. For example, Los Altos requests several categories of information from 2000 to present.[11] The challenged administrative hearing occurred in 2000; thus, Los Altos has failed to show that their need for information about the hearing justifies the full scope of the requested document production.[12] Baar need only produce documents relating to the administrative process and Baar's participation in that process. Los Altos shall further reduce the

---

[9] *In re Public Offering PLE Antitrust Litigation*, 233 F.R.D. 70 (D. Mass. 2006) (corporate securities attorney subpoenaed re an article he wrote about certain financial transactions in which he apparently was involved); *Brogren v. Pohlad*, No. 94C6301, 1994 WL 654917 (N. D. Ill., Nov.14, 1994) (corporate executive subpoenaed to testify about what investment advice his company provided to another corporation); *Arkwright Mutual Ins. Co. v. Nat'l Union Fire Ins. Co. of Pennsylvania*, 148 F.R.D. 552 (S.D.W. Va.1993) (fire investigator subpoenaed to testify about what he saw, smelled, and observed during his investigation). *Contrast Statutory Committee of Unsecured Creditors v. Motorola*, 218 F.R.D. 325, 327 (D.D.C. 2003) (telecommunications expert not required to testify about research where she had no information about how a party had used her research in creating its business plan).

[10] Baar argues the attempt by Los Altos' counsel to subpoena Baar in *MHC Financing Limited Partnership Two v. City of Santee*, No. GIC777094 (San Diego Superior Court Oct. 29, 2001), discussed *supra* at note 7, demonstrates a pattern of abuse. This court has already distinguished this situation from *MHC* and permitting discovery here would not affect the proper quashal of subpoenas similar to the one in *MHC*.

[11] *See, e.g.*, Schwartz Decl. Ex. K ¶¶ 12-14, 20, 22.

[12] At oral argument, counsel for Los Altos admitted that discovery of documents after 2000 is "somewhat speculative" and "a bit of a fishing expedition." FTR PSG104446 March 4, 2011 1:25:20 p.m. - 1:25:26

1  burden placed upon Baar by holding his deposition in Berkeley, California.[13]

2  Dated: March 11, 2011

3  _____
   PAUL S. GREWAL
4  United States Magistrate Judge

---

[13] As Baar's Motion to Quash has been denied, Baar's Motion for Sanctions relating to the preparation of that motion and related motions is also denied.