**E-Filed 3/21/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOS ALTOS EL GRANADA INVESTORS, a California limited partnership, doing business as CASTLE MOBILE ESTATES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAPITOLA, et al.,<br><br>Defendants. | Case Number 5:04-cv-05138-JF<br><br>ORDER[1] GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS RELATING TO DEFENDANTS' INITIAL DISCLOSURE |

Plaintiff Los Altos El Granada Investors, doing business as Castle Mobile Estates ("Los Altos"), moves for sanctions against Defendants City of Capitola and City of Capitola Mobilehome Rent Review Board (collectively "the City") for violation of the Case Management Order and Federal Rule of Civil Procedure 26. The Court has considered the moving and responding papers and the oral argument presented at the hearing on March 18, 2011. For the reasons discussed below, the motion will be granted in part.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

This case has a lengthy procedural history which need not be set forth in full here. On November 12, 2010, the Court held a case management conference following remand from the Court of Appeals. As reflected in the civil minutes, the Court adopted the case schedule that was proposed by the parties in their joint case management conference statement ("the CMC Statement"). Doc. No. 123, Civil Minutes. The CMC Statement provided that "[t]he parties will have made all initial disclosures of existing documents, witnesses, damage computations and insurance agreements by December 3, 2010." Doc. No. 122, CMC Statement, p. 6 (footnote omitted). Los Altos timely served its initial disclosure on December 3, 2010. The City did not serve its initial disclosure before the December 3 deadline. On December 8, 2010, Los Altos inquired about the status of the disclosure; the City served its initial disclosure the following day via overnight mail. The City's disclosure appears to be copied and pasted from Los Altos' disclosure.

On December 14, 2010, Los Altos' attorneys, Mark Alpert and Irene Kiet, sent a letter to Linda Reich, one of the City's attorneys of record, objecting to the City's belated service and contending that the City's "copy and paste" method of response does not comply with Rule 26(a). Mot., Exh. 5, Letter. The letter demanded that the City "provide the information, witnesses and documents for its initial Disclosures to be in compliance with FRCP 26(a) <u>no later than December 17, 2010 by facsimile and mail</u>." *Id*. The City did not supplement its disclosure or otherwise respond to the letter.

On December 21, 2010, Ms. Kiet emailed the City's lead counsel, Henry Heater, stating that Los Altos would be filing a motion for sanctions, attorneys' fees, and costs as a result of the City's failure to comply with Rule 26(a) and to confer with opposing counsel. Mot., Exh. 6, email. Mr. Heater responded by email on December 22, 2010, stating that: he had not understood the December 14 letter to be an attempt to meet and confer; Los Altos' disclosure "pretty much covered the universe of relevant documents and witnesses" and he could not think of anything to add; and he would be out of the office over the holidays but was willing to discuss the matter upon his return. Ms. Kiet responded by email on the same day, asserting that the

1  December 14 letter had been a meet and confer effort which the City simply had ignored,
2  accusing the City of minimizing its litigation costs by piggybacking on Los Altos' disclosures,
3  and reiterating that Los Altos would file a motion for sanctions.  The motion was filed on
4  January 19, 2011.

## II. DISCUSSION

Los Altos asks that the Court sanction the City pursuant to Federal Rules of Civil Procedure 26(g) and 37(c), or alternatively under its inherent powers.  Rule 26(g) requires that a disclosure be signed by at least one attorney of record; such signature certifies that "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the disclosure "is complete and correct as of the time it is made."  Fed. R. Civ. P. 26(g)(1).  The rule provides for mandatory sanctions in the event of noncompliance.  *Id*.  Rule 37(c) grants courts additional authority to sanction a party for failing to make or supplement disclosures as required by Rule 26. Fed. R. Civ. P. 37(c).  The Court also has inherent powers to sanction a party or an attorney who willfully abuses the judicial process.  *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. Partnership*, 76 F.3d 1003, 1007 (9th Cir. 1996).  Los Altos asks that the Court apply these standards to sanction the City by:  (1) striking the City's initial disclosure; (2) alternatively, precluding the City from supplementing its initial disclosure or introducing any witness or evidence not initially disclosed; (3) imposing monetary sanctions in the amount of $3,006.24, representing one-half of the attorneys' fees incurred by Los Altos in preparing its disclosure; and (4) imposing monetary sanctions in the amount of $7,850, which is the amount that Los Altos expended to bring the instant motion.

In his declaration in opposition to the motion, Mr. Heater states that:  the late transmission of the City's initial disclosure was the result of a calendaring error at his office; he thought Los Altos' disclosure was "comprehensive in terms of potential witnesses and document categories," and could not think of anything to add; and thus he adopted Los Altos' disclosure with minor changes.  Heater Decl. ¶¶ 2-4.  The City asserts that its failure to meet the disclosure deadline by a matter of days was the result of an oversight "and not some plot to capitalize on plaintiff's work product."  Opp., p. 1.  The City also argues that Los Altos did not suffer any

1  prejudice as a result of the untimely disclosure. *Id*.

2  Because the City in fact did submit a certified disclosure, which Mr. Heater has declared
3  to be comprehensive and complete to the best of his knowledge, the Court concludes that the
4  authorities relied upon by Los Altos – Rules 26(g) and 37(c) – do not apply.  Moreover,
5  accepting Mr. Heater's explanation for the late submission and for copying Los Altos' disclosure,
6  it does not appear that Mr. Heater engaged in willful abuse of the judicial process.

7  However, the fact remains that the City violated the Court's case management order,
8  which required initial disclosures to be exchanged not later than December 3, 2010.  "On motion
9  or on its own, the court may issue *any just orders* . . . if a party or its attorney . . . fails to obey a
10 scheduling or other pretrial order." Fed. R. Civ. P. 16(f) (emphasis added).  A district court has
11 "broad discretion to impose sanctions" under this rule.  *Official Airline Guides, Inc. v. Goss*, 6
12 F.3d 1385, 1397 (9th Cir. 1993).  "It need not be shown that the party to be sanctioned was acting
13 recklessly or in bad faith.  Negligent failure to comply with Rule 16 justifies imposition of
14 appropriate sanctions."  William W. Schwarzer et al., *Practice Guide: Federal Civil Procedure*
15 *Before Trial* 15:81 (2009); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.
16 1990) (sanctions appropriate under Rule 16(f) when attorney failed to appear at settlement
17 conference because the date "slipped by him").

18 Even if its violation of the order was inadvertent, the City took advantage of the situation
19 by copying Los Altos' disclosure rather than expending its own resources as it ordinarily would
20 have had to do.  Under these circumstances, equity demands that the City share the costs of Los
21 Altos' production.  Although the City points out correctly that its conduct did not increase Los
22 Altos' costs, the reality of litigation is that one side obtains a tactical advantage if it is not
23 required to incur costs at the same rate as its opponent.  Accordingly, the Court will require the
24 City to reimburse Los Altos in the amount of $3,006.24, representing one-half of the attorneys'
25 fees incurred by Los Altos in preparing its disclosure.

26 Los Altos expresses a concern that at some point the City will supplement its disclosure
27 to add witnesses and documents relevant to its affirmative defenses; Los Altos contends that its
28 own disclosure, which was copied by the City, did not refer to such witnesses and documents.

1  Los Altos' point is well-taken.  Accordingly, although leave of court ordinarily is not required
2  prior to supplementation of disclosures, in this particular case the City will not be permitted to
3  supplement its initial disclosure without order of the Court made upon a showing of good cause.
4  Los Altos' motion for sanctions otherwise will be denied.

### III. ORDER

The motion for sanctions is GRANTED IN PART as follows:

(1) The City shall reimburse Los Altos in the amount of $3,006.24, representing one-half of the attorneys' fees incurred by Los Altos in preparing its disclosure;

(2) The City shall seek leave of court prior to any supplementation of its initial disclosure; and

(3) The motion for sanctions otherwise is DENIED.

DATED: 3/21/2011

_____
JEREMY FOGEL
United States District Judge